84

Carol Lolie, Admrx. of the Estate of Allan Lolie, Deceased, Plaintiff-Appellant, v. Ohio Brass Company, Defendant—(Monterey Coal Company, Defendant-Appellee.)

(No. 11983;

Fourth District—July 25, 1973.

Richard Shaikewitz, of Wiseman, Shaikewitz & McGivern, of Alton, for appellant.

Stuart Dobbs, of Denby & Dobbs, of Carlinville, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff Carol Lolie, administratrix of the estate of Allan Lolie, deceased, brought an action against Ohio Brass Company and Monterey Coal Company. The complaint alleged that plaintiff's decedent was an employee of Monterey Coal Company, working at defendant's Mine No. 1. During the course of his employment, a heavy power cable fell from the ceiling of a tunnel, striking decedent on the head and killing him. Count I of the complaint was brought against Ohio Brass Company and is not involved in this appeal. Count II as amended was against Monterey Coal Company and was based upon defendant's purported willful violation of the Illinois Coal Mining Act. Defendant moved to dismiss. Defendant's theory was that the Illinois Workmen's Compensation Act, Illinois Revised Statutes, 1971, chapter 48, paragraphs 138.5 and 138.11, are plaintiff's exclusive remedies; and, moreover, paragraph 10.07 of the Coal Mining Act provides that the Illinois Workmen's Compensation Act is applicable, thus barring plaintiff from recovery. The trial court dismissed Count II and entered judgment. As required by Supreme Court Rule 304(a), the trial court made a special finding that there was no just reason for delaying enforcement or appeal of the judgment. Plaintiff appeals that order.

The single issue for review is whether the dependents of a deceased

coal miner can only resort to the Illinois Workmen's Compensation Act to recover from an employer when the employee's death occurred during the course of his employment, thus excluding any remedy that exists under the Coal Mining Act.

A review of the relevant statutory provisions involved in this issue is necessary. Illinois Revised Statutes, 1971, ch. 48, par. 138.5, states in part:

"(a) No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury."

Chapter 48, paragraph 138.11, states:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act, and whose election to continue under this Act, has not been nullified by any action of his employees as provided for in this Act."

Chapter 48, paragraph 138.3(5), provides that the Workmen's Compensation Act shall apply, without election, to employers and employees engaged in mining.

Illinois Revised Statutes, 1971, chapter 93, paragraph 10.07, provides that a right of action accrues to the personal representative of a miner who is killed as a result of a willful violation of the safety provision found in the Coal Mining Act, chapter 93, paragraph 1.01, *et seq.;* however, the paragraph specifically limits such a right of action when it states:

"* * * Provided, that if and whenever there shall be in force in this State a statute or statutes providing for compensation to workmen for all injuries received in the course of their employment, the provisions thereof shall apply in lieu of the right of action for damages provided in this Act."

The Workmen's Compensation Act is such a statute as referred to in the above quoted excerpt.

The plaintiff essentially contends that the Coal Mining Act creates a separate action for miners and their dependents when a miner sustains an injury that results from his employer's violation of the safety standards found in the Coal Mining Act; that this separate action supersedes the protection provided under the Workmen's Compensation Act; and that the Workmen's Compensation Act only applies if, for some reason, a miner or his dependents cannot avail themselves of the civil liability provisions found in the Coal Mining Act. In support of this contention, plaintiff argues that the legislature created the Coal Mining Act with the intent of permitting coal miners and their dependents to recover for injuries or deaths resulting from substandard safety in the mines. Plaintiff's position is untenable in light of the language of the above cited statutes.

Chapter 48, paragraph 138.3, includes mining as a covered enterprise under the Illinois Workmen's Compensation Act. Paragraphs 138.5(a) and 138.11 establish that the exclusive remedy available for an employee (or dependents) who works in covered industry is under the Illinois Workmen's Compensation Act. Chapter 93, paragraph 10.07 of the Coal Mining Act specifically precludes a miner or his dependents from recovering against an employer via the civil liability provisions of said paragraph since the Illinois Workmen's Compensation Act is a statute "providing for the compensation" of a worker (or dependents) for injuries received in the course of employment.

We find that plaintiff's decedent was engaged in an enterprise covered by the Illinois Workmen's Compensation Act and that the plaintiff is foreclosed from resorting to paragraph 10.07 of the Coal Mining Act by virtue of the language of that paragraph, and that Workmen's Compensation Act, paragraphs 138.5 and 138.11, is her exclusive remedy. The judgment of the trial court so holding was correct and is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.